IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-188-D

ARIAS V. GRAY, )
)
        Plaintiff, )
)
v. ) **SCHEDULING ORDER**
)
MEADWESTVACO, )
)
        Defendant. )

    The court has considered the discovery plans filed separately by the parties. On December 16, 2010, the plaintiff, appearing pro se, submitted correspondence [D.E. 14] and a proposed scheduling plan [D.E. 15]. On and December 17, 2010, the defendant filed a proposed discovery plan [D.E. 16] and a motion to strike [D.E. 17] plaintiff's correspondence [D.E. 14].

    The court has reviewed the motion to strike. The motion to strike is denied [D.E. 17]; however, the court orders the Clerk to seal plaintiff's December 16, 2010 correspondence [D.E. 14].

    The failure of the parties to submit discovery plans to the court without first conducting a scheduling conference causes serious concern regarding whether the parties realize the importance of complying with court orders. The parties are hereby WARNED that any further failure to abide by this court's orders will subject them to sanctions. Sanctions include, but are not limited to, being held in contempt and dismissal of the action. See Fed. R. Civ. P. 16(f); Hathcock v. Navistar Int'l Transp. Corp.,53 F.3d 36 (4th Cir. 1995).

    The parties will conduct discovery in this matter in accordance with the Federal Rules of Civil Procedure. Except as modified below, the Discovery Plans are APPROVED AND ORDERED with the following critical deadlines:

    1.    All Rule 26(a)(1) initial disclosures shall be completed by July 15, 2011. These disclosures include, but are not limited to:

a). Names and, if known, addresses and telephone numbers of people having information supporting the disclosing parties claims or defenses;

b). A copy of or description and location of all documents and tangible things in possession of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

c). A computation of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected, on which such computation is based; and

d). For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered to in the action or to indemnify or reimburse for payments made or to satisfy the judgment.

2. Reports from retained experts are due from each party by October 28, 2011. Rebuttal reports are due by December 2, 2011;

3. All discovery shall be concluded by January 6, 2012. Discovery will include:

    a). A maximum of twenty-five (25) interrogatories by each party to any other party;

    b). A maximum of fifteen (15) requests for admissions by each party to any other party;

    c). A maximum of twenty-five (25) requests for production of documents and things and entry upon land for inspection and other purposes by each party to any other party; and

    d). A maximum of six (6) depositions by each party. Each deposition will be limited to a total of seven (7) hours unless extended by agreement of the parties;

4. All potentially dispositive motions shall be filed by February 3, 2012; and

5. At least twenty days before the final pretrial conference, all parties shall provide to all other parties the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3). Ten days before the pretrial conference, any party may designate and serve any objections to the disclosures. The parties' Rule 26(a)(3) disclosures and objections shall be incorporated into the final pretrial order. The pretrial order shall be submitted to the court five business days prior to the pretrial conference.

6. The matter will be set for trial by separate order.

Any party who makes an appearance after this scheduling order has been entered shall be required to confer with opposing counsel within twenty days after the party's appearance in the case. Such party will be bound by the discovery provisions contained in this order unless the party petitions the court by motion to amend this order.

In addition, motions to join additional parties and to amend pleadings must be made promptly after the information giving rise to the motion becomes known to the party or counsel. Any such motion filed after July 15, 2011, must meet the standards of Fed. R. Civ. P. 15 and 16.

The parties are reminded that, on request, this court will assist with settlement negotiations or other ADR such as summary jury trial by making available a judge other than the trial judge to explore these possibilities.

SO ORDERED. This 27 day of June 2011.

JAMES C. DEVER III
United States District Judge

3

Case 7:10-cv-00188-D   Document 22   Filed 06/27/11   Page 3 of 3