IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-00188-D

| | |
|---|---|
| ARIAS V. GRAY, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| MEADWESTVACO, | ) |
| Defendant. | ) |

This matter is before the Court on *pro se* Plaintiff's motion to request a new scheduling order and to compel [DE-25]. Defendant has responded [DE-26], and the matter is ripe for decision.

Plaintiff has alleged claims against Defendant, his former employer, for employment discrimination, retaliation and wrongful termination in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. Generally, Plaintiff contends that Defendant discriminated against him and ultimately terminated his employment to avoid paying him a severance when the plant at which Plaintiff worked was shut down. Compl. at ¶ 6 [DE-8].

In the motion presently before the Court, Plaintiff seeks to compel Defendant to release unspecified information regarding Defendant's affiliates and subsidiaries and to extend the time to complete discovery related to the instant request for information. Plaintiff contends that he requested the information in his initial discovery requests, but that Defendant has never produced the information. He further contends that he needs this information in order to evaluate Defendant's settlement offer, which apparently included a condition that Plaintiff never again work for Defendant or its affiliates, and "to continue with the discovery process." Pl.'s Mot. at 1 [DE-25]. Defendant

responded that the requested information is only relevant to settlement and that should the parties reach a settlement agreement, Defendant would provide the information even after the expiration of discovery. Def.'s Resp. at 1-2 [DE-26].

The scope of discovery is limited to the claims and defenses asserted by the parties. Fed. R. Civ. P. 26(b)(1). As an initial matter, it is unclear to the Court specifically what information regarding Defendant's affiliates and subsidiaries Plaintiff seeks. However, the Court generally fails to see how information regarding Defendant's affiliates and subsidiaries is related to Plaintiff's Title VII and ADA claims against Defendant. While the Court encourages the parties to fully explore any settlement opportunity, information related exclusively to a settlement offer and not relevant to the claims and defenses asserted by the parties is not within the scope of discovery under Rule 26.[1] Therefore, the Court finds that Plaintiff is not entitled to the requested information at this time. Furthermore, because the Court declines to order the requested discovery, there appears to be no corresponding need to extend the discovery deadline in this case. Accordingly, Plaintiff's motion to request a new scheduling order and to compel [DE-25] is **DENIED**.

This the 30th day of November, 2011.

DAVID W. DANIEL
United States Magistrate Judge

---

[1] Plaintiff also failed to comply with the Court's local rules regarding motions related to discovery, which provide as follows:

> No motions to compel discovery or other motions relating to discovery or inspection will be considered by the court unless the motion sets forth or has attached thereto, by item, the specific question, interrogatory, etc., with respect to which the motion is filed, and any objection made along with the grounds supporting or in opposition to the objection. Counsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions.

Local Civil Rule 7.1(c). This failure alone is grounds to deny the motion to compel.

2